

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| RICHARD VANDALE CLOWNEY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:24-7243-MGL |
| | § | |
| TYLER J. FLETCHER, SHERIFF HOBART | § | |
| LEWIS, and JOE KERNELL, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Richard Vandale Clowney (Clowney), who is self-represented, brings this 42 U.S.C. § 1983 civil rights action against Defendants Tyler J. Fletcher (Fletcher), Sheriff Hobart Lewis (Lewis), and Joe Kernell (Kernell) (collectively, Defendants). He brings a Fourteenth Amendment claim of malicious prosecution/unlawful arrest and imprisonment. Clowney is a pretrial detainee at the Greenville County Detention Center, where he has fifteen pending criminal cases.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court this action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate, Judge filed the Report on January 15, 2025, and the Clerk of Court entered Clowney's objections on January 30, 2025. The Court has carefully reviewed Clowney's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge states Clowney's claims for damages against Fletcher are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the United States Supreme Court held a state prisoner's claim for damages is uncognizable under § 1983 if the prisoner's success in the action would implicitly question the validity of the conviction or duration of the sentence, except for when the prisoner can demonstrate the conviction or sentence has been previously invalidated. *Id.* at 487.

*Heck* is also applicable to pretrial detainee such as Clowney inasmuch as his claim would necessarily imply the invalidity of a subsequent conviction. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) ("We do not reach the merits of this [pretrial] claim because it is not cognizable under *Heck*. The claim would necessarily imply the invalidity of [the defendant's] subsequent conviction. Consequently, the claim is not cognizable in this litigation[.]").

Thus, according to the Magistrate Judge, because Clowney "has provided no factual allegations to show . . . he successfully challenged his conviction, . . . . [his] claims [against Fletcher] for damages associated with an allegedly unlawful arrest or imprisonment [and malicious prosecution] are barred at this time by the holding in *Heck*." Report at 3.

In suggesting dismissal of Clowney's claims against the other two defendants, Lewis and Kernell, the Magistrate Judge notes Clowney "fails to allege any involvement by [either of them] in

the alleged constitutional violation. . . . [And] [t]he doctrine of respondeat superior has no application under" Section 1983.  Report at 4.

In Clowney's objections, he makes arguments concerning "invalid arrest warrants without probable cause" and the lack of "a neutral and detached magistrate." Objections at 1 (capitalizations standardized).  He further maintains Defendants "have and has continuously deprived [him] of his self[-]protected Fourth Amendment rights]." *Id*. at 4 (capitalizations standardized).

But, Clowney fails to address any of the rationales the Magistrate Judge gave for dismissal of his complaint against Defendants.  Therefore, inasmuch as the Court agrees with the Magistrate Judge's above-listed recommendations, the Court will overrule Clowney's objections and dismiss the action.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Clowney's objections, adopts the Report, and incorporates it herein.  It is therefore the judgment of the Court Clowney's Section 1983 action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 3rd day of February, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Clowney is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.